United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40446
Conference Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JAVIER GARCIA-VARGAS

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-412-1
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Javier Garcia-Vargas. See United States v. Garcia-Vargas, No. 04-40446, 115 Fed. Appx. 288 (5th Cir. Dec. 17, 2004). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia contends that the district court's application of a sentencing guidelines enhancement based on the court's finding that Garcia's unlawful weapons possession occurred in connection with felony possession of marijuana violated the Sixth Amendment. He concedes that such argument is raised for the first time on appeal and is reviewable for plain error only. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517).

As Garcia admits, the district court made no statements indicating that it would have imposed a lower sentence under an advisory guidelines regime. Accordingly, although the district court's enhancement of Garcia's sentence constitutes error that is plain, i.e., obvious, Garcia cannot demonstrate that the error affected his substantial rights. See id. at 521-22.

Garcia correctly acknowledges that this court has rejected the argument that a Booker error is a structural error or that such error is presumed to be prejudicial. See United States v. Martinez-Lugo, 411 F.3d 597, 611 (5th Cir. 2005). He likewise concedes that our precedent forecloses his contention that application of Booker's remedial opinion to him violates the Ex Post Facto Clause. See United States v. Scroggins, 411 F.3d 572, 577 (5th Cir. 2005). He raises these arguments to preserve them for further review. Garcia's reliance on the plain error analysis set forth in United States v. Dazey, 403 F.3d 1147 (10th Cir. 2005), is unavailing in light of Mares.

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Garcia's conviction and sentence.

AFFIRMED.